# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES MAY,**

      **Plaintiff,**

v.                                                                       **Civil Action No. 1:07cv116**
                                                                            **(Judge Keeley)**

**JIM RUBENSTEIN, Commissioner of the**
**West Virginia Division of Corrections,**

      **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
## IN FORMA PAUPERIS

This case is before the Court on the *pro se* plaintiff's Application to Proceed Without Prepayment of Fees, executed Consent to Collection of Fees form, and Prisoner Trust Account Report.

Title 28 U.S.C. § 1915 requires prisoners to pay the full $350 filing fee when bringing a civil action *in forma pauperis* ("IFP"). 28 U.S.C. § 1915 (b)(1) (1996). If, however, insufficient funds exist in the prisoner's account to pay the full filing fee at the time of filing, the court must assess and, when funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period. Id. Thereafter, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income. Id. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of Court each time the amount in the account exceeds $10.00 until the $350 filing fee is paid in full. Id.

Because the plaintiff had insufficient funds in his prison trust account to pay the full filing

fee at the time this case was filed, the plaintiffs' request to proceed without prepayment of fees (dckt. 2) is **GRANTED**. However, the plaintiffs' Prisoner Trust Account Report shows that at the time this case was filed, the plaintiff had a balance of $22.09 in his inmate account. Moreover, in the three-months[1] preceding the filing of this case, the plaintiff had an average monthly deposit amount of $23.74. Accordingly, consistent with the provisions of 28 U.S.C. § 1915, this Court hereby ORDERS:

 1. A copy of this Order shall be sent to the Trustee Officer of the institution having custody of Plaintiff along with a copy of the executed consent to collection of fees form. Pursuant to the plaintiff's executed consent to collection of fees form, the Trustee Officer shall forward to the Financial Deputy Clerk, in the form of a check or money order payable to "Clerk, U.S. District Court," P. O. Box 1518, Elkins, West Virginia 26241, an **initial partial filing fee of $4.74**; and, (b) automatically make monthly assessments upon the plaintiffs' trust account of 20% of the preceding month's income toward the filing fee and shall forward such assessments to the Financial Deputy Clerk in the form of a check or money order at the above-mentioned address each time the amount in the account exceeds $10.00, until the $350 filing fee is paid in full. Payments shall be clearly marked with the name and number assigned to this case. When the filing fee is paid in full, the Financial Deputy Clerk shall file a notice so stating;

 2. If the plaintiff fails to pay the initial filing fee within **thirty (30) days** of the entry of this Order, the Clerk shall **DISMISS this action without prejudice**;

 3. Upon the Financial Deputy Clerk's receipt of the initial partial filing fee, the Financial

---

[1] Although § 1915 generally requires a six-month average deposit amount, according to the complaint, the plaintiff has only been incarcerated since June 11, 2007. Thus, the three-month period utilized by the Court to determine the plaintiff's initial partial filing fee, reflects the amount of time in which the plaintiff has been incarcerated.

Deputy Clerk shall notify the Clerk of the appropriate district court that the initial partial filing fee has been paid. The Court will thereafter conduct an initial screening of the complaint pursuant to LR PL P 83.02;

4. Any recovery in this case will be subject to an applicable service of process fee assessed by the U.S. Marshal;

5. Plaintiff shall immediately notify the Clerk upon his transfer or release and shall provide a new address if known. **Failure to notify the court of a change of address may result in the dismissal of this case;**

6. In the event that the defendant is ordered to respond to the complaint, the United States Marshal Service will be Ordered to serve the complaint.

IT IS SO ORDERED.

The Clerk is directed to send copies of this Order to the *pro se* plaintiff, any counsel of record, the Financial Deputy Clerk, and the Trustee Clerk of the institution having custody of the plaintiff.

DATED: September 6, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE