IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES MAY,**

      **Plaintiff,**

**v.**                                                  **Civil Action No. 1:07cv116**
                                                            **(Judge Keeley)**

**JIM RUBENSTEIN,**

      **Defendant.**

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

**I. INTRODUCTION**

On August 30, 2007, the pro se plaintiff, Charles May ("May"), a Division of Corrections ("DOC") inmate, filed a civil rights complaint alleging violations of his Eighth Amendment rights. Specifically, May asserts that being held in a regional jail, without being moved to a DOC facility within in thirty days, is cruel and unusual punishment because he has not had access to drug and alcohol rehabilitation programs, educational classes, exercise facilities, and smoking areas. In addition, he asserts violations related to "medical care" but he does not make any specific claims of inadequate or inappropriate care. Ultimately, May asks that the Court order the defendant to transfer him to a DOC facility.

The Court referred the complaint to Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.02. In an Opinion and Report and Recommendation issued on September 24, 2007, Magistrate

**MAY V. RUBENSTEIN**                                                   **1:07CV116**

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

Judge Kaull recommended that May's complaint be dismissed with prejudice for failure to state a claim. The Report and Recommendation also specifically warned that failure to object to the recommendation within ten days of service would result in the waiver of any appellate rights on this issue.[1]

Within three days of receiving the Report and Recommendation, May filed a "Motion to Amend Claim and Move Forward Pursuant to Title 42 U.S.C. § 1983." In this motion, May requests that the Court "reconsider the more specific claim" that the plaintiff is a fourth time, and therefore habitual, offender of driving under the influence ("DUI"), and that he is in "desperate need" of alcohol-related treatment and rehabilitation. He states that this treatment can only be provided at a DOC facility, rather than at the regional jail where he is currently housed.

In reviewing May's motion to amend, the Court finds that he does not actually amend his current claims, or raise any additional claims. He does, however, provide additional information in

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

support of one of his existing claims, specifically that he is a habitual offender of DUI, and in desperate need of alcohol-related treatment. Because this information was not available to the Magistrate Judge during his review, the Court grants May's Motion to Amend, and interprets it as an objection to the Magistrate Judge's recommendation that the Court deny May's claim of civil rights violations relating to his lack of access to drug and alcohol treatment programs. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Kaull, and **DISMISSES WITH PREJUDICE** the plaintiff's complaint.

## II.  LEGAL ANALYSIS

### A.  Magistrate Judge's Report and Recommendation

In his Report and Recommendation, Magistrate Judge Kaull concluded that May had not stated a claim upon which relief may be granted. First, he found that, in order to state a claim for prospective relief, a plaintiff must first establish that a violation of a federal right has occurred. 18 U.S.C. § 3626(f)(7). An inmate, however, has no right to be housed in any particular facility, see Meachum v. Fano, 427 U.S. 215 (1976), and thus Magistrate Judge Kaull properly found that May cannot assert that

**MAY V. RUBENSTEIN**　　　　　　　　　　　　　　　　　　　　　　**1:07CV116**

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

any federal right was violated when the DOC did not transfer him to a DOC facility within thirty days of his incarceration.

Second, Magistrate Judge Kaull found that May failed to show that his incarceration in the regional jail is cruel and unusual. May asserts that the regional jail does not offer the same programs and benefits that a DOC facility would; specifically, it does not offer drug and alcohol rehabilitation programs, education classes, an exercise room, or smoking areas. Magistrate Judge Kaull found, however, that May failed to show that such inadequacies are an excessive risk to health and safety, such that they would violate the Eighth Amendment's prohibition on "cruel and unusual punishment." See Farmer v. Brennan, 551 U.S. 825, 837 (1994).

Third, Magistrate Judge Kaull analyzed May's claims under an equal protection analysis. He found that, in order to succeed on such claim, May would need to show that being housed at a regional jail was not rationally related to a legitimate governmental interest. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). In West Virginia, however, the DOC's limited resources and lack of beds is the reason for the prolonged placement of some inmates in regional jail facilities. See Khaliq v. Angelone, No. 02-7365, 72 Fed. Appx. 895, 2003 WL 21689152 (4th Cir. July 21, 2003). Because

4

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

"[t]he primary purpose of the division of corrections is to enhance public safety by providing for the incarceration and care of convicted offenders who have been sentenced by courts of proper jurisdiction to serve terms of incarceration," the Magistrate Judge found that housing inmates in regional jails due to inadequate bed space at DOC facilities was rationally related to a legitimate governmental interest.

Finally, Magistrate Judge Kaull found that, to the extent that May seeks a writ of mandamus against the DOC, the writ should be denied because May has not shown a clear and indisputable right to that relief. "[D]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This remedy, however, is only applied when the party seeking the relief shows that "he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internally quotations omitted). Because May does not have a right to be transferred to a DOC facility, Magistrate Judge Kaull found that a writ of mandamus is inappropriate in this case.

**MAY V. RUBENSTEIN** 1:07CV116

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

**B. Access to Drug and Alcohol Treatment Claim**

As stated above, the Court will treat May's "Motion to Amend Claim and Move Forward Pursuant to Title 42 U.S.C. § 1983" as an objection to the Magistrate Judge's finding that denying May access to drug and alcohol rehabilitation programs is not cruel and unusual. The district court "shall make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); e.g., Fluellen v. Epstein, 2003 WL 23019325 (D. S.C. 2003), aff'd 84 Fed. Appx. 299 (4th Cir. 2003). The Court will therefore review this issue de novo.

In his motion, May attempts to bolster his assertion that being denied access to alcohol-related treatment and rehabilitation is cruel and unusual punishment by showing that he has a substantial history of alcohol-related offenses. Specifically, May states that he is a habitual offender for a drug and alcohol-related offense, DUI, and that he is in "desperate" need of treatment for his addiction.

Upon de novo review, the Court finds that the Magistrate Judge properly applied the standard for evaluating claims under the

6

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING THE CLAIM WITH PREJUDICE

Eighth Amendment. The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment. Farmer, 511 U.S. at 832. This prohibition is applied to the states through the Due Process Clause of the Fourteenth Amendment. See Wilson v. Seiter, 501 U.S. 294 (1991). Additionally, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31-32 (1993).

Two requirements exist as a prerequisite to finding that a prison official has violated the Eighth Amendment. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotations omitted). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Id. (quoting Wilson, 501 U.S. at 297). Thus, "a prison official must have a sufficiently culpable state of mind." Id. (internal quotations omitted). Therefore, as the Magistrate Judge found, "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement

7

**MAY V. RUBENSTEIN**                                                    **1:07CV116**

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

unless the official knows of and disregards an excessive risk to inmate health or safety. . ." Id. at 837.

Here, as the Magistrate Judge found, the denial of access to alcohol and drug rehabilitation programs due to placement at the regional jail does not rise to the level of being a denial of "one of the minimal civilized measures of life's necessities." See Farmer, 511 at 834. Furthermore, other than stating that his need is "desperate," May presents no evidence that denial of access to these programs presents a "substantial risk" to his health or safety. See id. at 837. Furthermore, May cites no case law, nor could the Court discover any, for the proposition that denial of access to an alcohol treatment program violates the standards set out above. The Court has no doubt that May would be well-served by participating in an alcohol treatment program; unfortunately, that is not the test for whether his Eighth Amendment rights have been violated.

In addition, as the Magistrate Judge found, even if May could show that denial of access to such programs presented a substantial risk to his health, or denied him one of life's necessities, his claim would still fail, as he has not presented any evidence that prison officials know of these risks and have disregarded them.

**MAY V. RUBENSTEIN**                                                1:07CV116

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

See id. Accordingly, upon de novo review, the Court finds that May has failed to prove that his lack of access to drug and alcohol rehabilitation programs constitutes cruel and unusual punishment.

**C. Remaining Claims**

As for the remaining claims stated in May's original complaint, the Magistrate Judge's Report and Recommendation informed May that failure to object to the recommendations would result in the waiver of his appellate rights on the uncontested issues. No review is required for "those portions of the [Magistrate Judge's] Report to which plaintiff has not properly objected . . . ." Rouse v. Nielsen, 851 F. Supp. 717, 720 (D. S.C. 1994)(citing Fed. R. Civ. P. 72(b))(citation omitted). Thus, because May failed to explicitly object to any of the Magistrate Judge's findings and recommendations, other than to those relating to access to drug and alcohol rehabilitation programs, the Court need not conduct a de novo review of the Magistrate Judge's recommendation on the remaining claims.

**III. CONCLUSION**

Accordingly, the Court **GRANTS** May's Motion to Amend (dkt. no. 10), **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt.

**MAY V. RUBENSTEIN**                                                    **1:07CV116**

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CLAIM,
ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING THE CLAIM WITH PREJUDICE**

no. 8) in its entirety, and **DISMISSES WITH PREJUDICE** May's civil rights complaint (dkt. no. 1).

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested and to counsel of record.

Dated: January 16, 2008

                                         /s/ Irene M. Keeley
                                         IRENE M. KEELEY
                                         UNITED STATES DISTRICT JUDGE